[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 10, 2006
THOMAS  K. KAHN
CLERK

No. 05-14706
Non-Argument Calendar

_____

D. C. Docket No. 04-00047-CV-4-WS-WCS

JEANNE ARMSTRONG,

Plaintiff-Appellant,

versus

ADVOCACY CENTER FOR PERSONS
WITH DISABILITIES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(February 10, 2006)**

Before DUBINA, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Jeanne Armstrong appeals the district court's grant of

summary judgment in favor of the employer in her sexual harassment action.

Armstrong worked for several years at the Advocacy Center for Persons with Disabilities, Inc. (the "Center") under the supervision of Steve Howells. Armstrong testified in her deposition that Howells engaged in the following conduct: He subjected her to unwarranted criticism and was generally difficult to work with; he sometimes addressed her as "honey," "sweetheart" and "baby"; he occasionally touched her shoulders, caressed her back, gave her back rubs, hugged her, and asked her to smell his cologne; he told her sexually explicit and inappropriate stories on a business trip they took together; and he discussed his wife in a derogatory fashion.

Despite her concerns, Armstrong did not tell Howells that his conduct made her uncomfortable, and she failed to mention his inappropriate touching, comments or stories in a written complaint, as required by the Center's harassment policy. At one point, she complained verbally to Gary Blumenthal, then Executive Director of the Center, that Howells was "over the top" and "too touchy feely."

Armstrong filed this action on February 17, 2004, alleging that the Center engaged in unlawful disability discrimination, gender discrimination and retaliation. On April 4, 2005, the parties filed a stipulation of dismissal of all claims except Armstrong's claim that she was the victim of sexual harassment.

The district court then granted summary judgment in favor of the Center on Armstrong's sexual harassment claim, holding: (1) Armstrong failed to properly plead a claim for sexual harassment; (2) even if she had properly pleaded a claim for sexual harassment, she failed to raise a genuine issue of material fact regarding her sexual harassment claim; and (3) in any case, Armstrong failed to demonstrate that the Center was not entitled to the defense set forth in Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998) and Faragher v. City of Boca Raton, 524 U.S. 775 (1998). Armstrong appeals from that order.

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party. Skrtich v. Thorton, 280 F.3d 1295, 1299 (11th Cir. 2002).

After a thorough review of the record, we affirm the grant of summary judgment for the reasons given in the district court's careful and well-reasoned opinion dated July 22, 2005.

AFFIRMED.